# SIMPLEX ELECTRIC HEATING COMPANY *v.* RAMEY COMPANY.

TRADEMARKS; CORPORATE NAMES; SIMILARITY; EVIDENCE.

1. It is not permissible to register as a trademark the distinctive part of the name of a corporation which had been in existence for many years prior to the application for registration. (Citing *Asbestone Co.* v. *Philip Cary Mfg. Co.* 41 App. D. C. 507; *Mansfield Tire & Rubber Co.* v. *Ford Motor Co.* 44 App. D. C. 205; *Re United Drug Co.* 44 App. D. C. 209; and *D. H. Burrell & Co.* v. *Simplex Electric Heating Co.* 44 App. D. C. 452.)

2. The word "Simplex" is not registerable as a trademark for vacuum cleaners over the opposition of a company the distinctive part of the corporate title of which is "Simplex," and which for many years prior to the adoption of the word by the applicant had made use of the word as a trademark on goods manufactured by it, consisting of articles used in housekeeping, including electrically operated portable devices, and lamp sockets similar to those used in connection with the applicant's cleaner, especially where the evidence shows that confusion in trade has already been caused by the use of the word by the applicant. (Following *N. Wolf & Sons* v. *Lord,* 41 App. D. C. 514; *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Anglo-American Incandescent Light Co.* v. *General Electric Co.* 43 App. D. C. 385; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6. )

3. In a trademark interference involving the question whether the goods of the applicant to which the mark is applied are of the same descriptive character as those of the opposer any doubt will be resolved in favor of the opposer, where it is not unreasonable to suspect that the applicant adopted the mark for the purpose of obtaining the benefit of wide advertising done by the opposer.

No. 1101.   Patent Appeals.   Submitted March 14, 1917.   Decided April April 23, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                                        *Reversed.*

The COURT in the opinion stated the facts as follows:

The Ramey Company, on February 20, 1915, applied for the registration of the word "Simplex" as a trademark for electric vacuum cleaners, which was opposed by the Simplex Electric Heating Company. The Ramey Company alleged the use of the word since August 1, 1913, upon electric vacuum cleaners. The Simplex Electric Heating Company alleged in its notice of opposition the use of the word "Simplex" long prior thereto; that the proposed registration by the Ramey Company so nearly resembles that of the opposer as to be likely to cause confusion in the mind of the public and to deceive purchasers; that the mark of the Simplex Electric Heating Company is appropriated to merchandise of the same descriptive properties; that the said trademark is not registerable to the said Ramey Company because of the fact that the Simplex Company and its predecessors in business have been manufacturing and selling continuously in this country various articles and devices, including a line of articles and devices for the equipment of houses, apartments, hotels, and other places where housekeeping is carried on, and including the various articles set forth in the recited registrations, and including various kinds of electrically operated portable devices, and including baking ovens, barbers' urns, bar urns, steam and hot water boilers, bookbinders' heaters, branding irons, cereal cookers, chafing-dish spoons, forks, and trays therefor, coffee urns, cooking utensils of various kinds, dining-room sets, egg boilers, ranges, frying pans, branding irons, domestic irons, drag irons, fluting irons, household irons, laundry irons, puff irons, kitchen utensils, laundry machines and equipments of various kinds, percolators, stands for irons, tea-ball pots, tureens, water cups, water-heating devices, and many other articles and devices for household and other purposes, and various other merchandise of the same descriptive properties as set forth in the application of the said Ramey Company, all of which have been manufactured and sold by the Simplex Electric Heating Company or its predecessors in business for a period extending long prior to August 1, 1913, and

long prior to any date of adoption and use of the said trademark by the Ramey Company, and all of which have been marketed by the Simplex Electric Heating Company, with the word "Simplex," or a trademark including as its leading and characteristic feature the word "Simplex," as the trademark of the said Simplex Electric Heating Company or its predecessors in business; and the said marks have been so used by the Simplex Electric Heating Company continuously during the said period in commerce between the several states of the United States; that the Simplex Electric Heating Company now manufactures and sells about seven hundred of such articles and devices, and intends, as its business warrants and the demands of the trade require, to continue to add to and increase the said line of articles and devices bearing the said trademark "Simplex," as it has done from time to time in the past; that the Simplex Electric Heating Company by reason of its long-continued business, extending back continuously to July, 1902, and extending back of that date and carried on by its predecessors in business, Simplex Electrical Company, to January, 1898, by reason of the high quality, material, and workmanship employed in the articles and devices manufactured and sold by it, by reason of the wide distribution of its articles and devices throughout the United States, by reason of the wide variety of these articles and devices, and the large number thereof having to do with housekeeping, and being sold to and used by those engaged in the care of houses, hotels, and other places where housekeeping is carried on, by reason of the adoption and continuous use of the said trademark "Simplex" by it and its predecessors in business on the aforesaid articles and devices, has indicated to the trade and to those purchasing and using articles and devices of this general character and kind that articles and devices bearing this trademark "Simplex" originated exclusively with the Simplex Electric Heating Company and were the product of its business, and that as other lines, particularly of electrically operated devices, have been added in accordance with the demands of the trade they have at once been recognized by the purchasing public as the product of the Sim-

plex Electric Heating Company because of the established and
well-known custom of said company to increase and develop its
line of products; that the registration of the said trademark
and its use by the Ramey Company upon electrical vacuum
cleaners and sweepers has caused, and will be likely to cause,
confusion or mistake in the mind of the public, or to deceive pur-
chasers, because applied to and sought to be applied to merchan-
dise of the same descriptive properties as that upon which the
said mark has long been used as a trademark by the Simplex
Electric Heating Company; that the Simplex Electric Heat-
ing Company would be damaged by registration of said mark,
and that said mark cannot lawfully be claimed as a trademark
by the said Ramey Company, because it consists merely in the
name of a corporation; to wit, that of this opponent and of its
predecessor in business, not written, printed, impressed, or
woven in some particular or distinctive manner, or in associa-
tion with a portrait; that the opponent was incorporated and
received its corporate name under the laws of the state of Massa-
chusetts in the year 1902, long prior to any date of adoption
of the said mark alleged by the said Ramey Company; that
the predecessor in business of this opponent, the Simplex Elec-
trical Company, was incorporated and received its corporate
name under the laws of the state of Massachusetts long prior to
the year 1902, and in that year for valuable consideration sold
and set over to this opponent the going business which this op-
ponent has been carrying on, and the good will pertaining there-
to.

The Simplex Electric Heating Company was incorporated in
1902. There had been a prior company, called the Simplex
Electrical Company, and the new company was organized by
purchase of the old company to take over that particular business.
The treasurer of each company has been the same continuously.
The business of the Simplex Electric Heating Company was
started when the American Electric Heating Company accumu-
lated some two or three hundred patents relating to electric
heating devices and started in to manufacture, about 1896.
The concern was not successful and the business was taken over

in 1898 by the Simplex Electrical Company and carried on under a department called the "heating department." Under this administration the business was considerably developed, and extended to such an extent that in 1902 the Simplex Electric Heating Company was incorporated, and continued the business from that point to the present time. During that thirteen years the company has manufactured and sold many thousand electrically heated devices, its market being the whole of the United States, and also foreign countries. All of the goods sold have borne the trademark "Simplex," which was either cast in the iron forming the casing, or in the name plate, which was fastened on in a prominent place. Testimony tended to show that the nature of the business is such that it is necessary to develop new articles and extend the line practically continuously, and also that vacuum cleaners are of the same class of goods; that probably 60 per cent of the Simplex Company's manufactures are of the so-called lamp socket devices, articles which may be connected to an ordinary lamp socket from which to obtain the electric current which makes them operative; and as the so-called Simplex Electric Vacuum Cleaner is operated from a lamp socket, this is in a direct line of development by the opponent; that other electrical companies have already proceeded to the manufacture of electric vacuum cleaners. The goods are sold by jobbers and dealers for use in households. They have been advertised for years, at an expense of about $200,000 per year, in the foreign trade journals and magazines, until the Simplex Electric Heating Company has become known throughout the United States to purchasers of electrical devices.

It was shown that in one instance a purchaser had inquired about the Simplex Electric Vacuum Cleaner, which he supposed was manufactured by that company. He had seen the article displayed for sale with the name "Simplex," and supposed it was manufactured by the Simplex Company, and he wanted to arrange for a commission for the sale of some of the cleaners. Another customer of the opposer, of Syracuse, New York, sent a money order for four carbon brushes, regular electric cleaner, and one bag for special "A" cleaner. The order

was sent under the supposition that the Simplex Company manufactured the Simplex Electric Vacuum Cleaner.

Other testimony tended to show cases of confusion on the part of the purchasers, who supposed the Simplex electric cleaner was manufactured by the Simplex Company, asking for prices, catalogues, etc.; and also that one vacuum cleaner had been forwarded to the opposer for repair, believing it was the manufacturer.

There was also proof tending to show that electrical dealers handled electric heating devices and vacuum cleaners as substantially the same line of goods.

Proof also tended to show that vacuum cleaners are considered as belonging to the same class of household goods as electric heating devices operated by lamp sockets.

*Mr. Nathan Heard* and *Mr. Frederick A. Tennant* for the appellant.

*Mr. Hervey S. Knight, Mr. Chester C. Shepherd,* and *Mr. W. E. L. Bock* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The Examiner of Interferences sustained the opposition on two grounds; namely, that "Simplex" was the name of the opposer corporation, and also because the goods are of the same general descriptive properties. This decision was reversed by the Assistant Commissioner; and appeal has been taken to this court.

Both grounds of the decision have been decided by this court several times.

It is not permissible to register as a trademark the name of any person or corporation. This is expressly prohibited by the language of the act. *Asbestone Co.* v. *Philip Cary Mfg. Co.* 41 App. D. C. 507; *Re United Drug Co.* 44 App. D. C. 209; *D. H. Burrell & Co.* v. *Simplex Electric Heating Co.* 44 App.

D. C. 452; *Mansfield Tire & Rubber Co.* v. *Ford Motor Co.* 44 App. D. C. 205.

"Simplex" is the distinctive part of the name of this corporation, which has been in existence for years prior to the manufacture by the Ramey Company. It was recognized by the Simplex Electrical Company and succeeded to the particular class of electric devices which it advertised, and had registered the word "Simplex" as its own. The question is fully discussed in the foregoing cases and further discussion is unnecessary.

Second. The goods are of the same general descriptive properties. *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6; *N. Wolf & Sons* v. *Lord,* 41 App. D. C. 514; *Anglo-American Incandescent Light Co.* v. *General Electric Co.* 43 App. D. C. 385. This last case involved the trademark "Mazda" for incandescent gas mantles. The General Electric Company registered, advertised, and used this work as a trademark for incandescent lamps prior to its adoption and use by the appellant. The appellant knew of the use of "Mazda" upon electric lamps by the General Electric Company and adopted the same for gas mantles. The decision of the Patent Office Commissioner, denying the registration, was affirmed by this court. In the opinion it was said by Mr. Justice Robb; "We think Congress, in using the words 'descriptive properties,' intended that they should be given their popular signification. Giving them that signification, no trademark may be registered when it is appropriated to goods of the same general qualities or characteristics as those of the goods to which another trademark already has been appropriated."

There is some difficulty attending these questions of classification. A thing may not be the same, and yet of the same general description, and used for similar purposes. In this case the corporate name, which is widely advertised for electrical goods, caused persons to suppose that these cleaners were the product of the Simplex Company. With the enormous range afforded for the selection of trademark names, it is not unrea-

sonable to suspect that this trademark was adopted for the purpose of obtaining the benefit of the wide advertising that had been done by the Simplex Company. In such a case the benefit of any doubt in regard to the classification should be given to the one who has used, developed, and advertised the mark and given it trade value.

The decision is reversed, and the clerk will certify this decision to the Commissioner of Patents, as required by law.

*Reversed.*